UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

DENNIS NELSON,
                             Plaintiff,

v.                                          No. 10-CV-1280
                                                     (MAD/DRH)
BRIAN HILTON, Dep. of RMHU, Marcy
Correctional Facility,
                             Defendant.

---

**DAVID R. HOMER**
**U.S. MAGISTRATE JUDGE**

## REPORT-RECOMMENDATION AND ORDER

      Presently pending is the motion of defendant Brian Hilton ("Hilton") for sanctions against plaintiff pro se Dennis Nelson (Nelson") pursuant to Fed. R. Civ. P. 37 for Nelson's unilateral termination of his oral deposition. Dkt. No. 23. Nelson has not opposed the motion. However, the Second Circuit Court of Appeals has held that where, as here, a party seeks judgment or dismissal against a pro se party, the moving party must give explicit notice to the pro se party of the consequences of failing to respond to the motion. See Champion v. Artuz, 76 F.3d 483, 486 (2d Cir.1996); see also N.D.N.Y.L.R. 7.1(A)(3), 56.2. While the Second Circuit holding and the local rules apply by their terms to motions for summary judgment, the same reasoning applies where dismissal of an action is sought against a pro se plaintiff as a sanction for misconduct. In both instances, the facts underlying the motion are centrally at issue and can only be determined by sworn affidavits or, where the facts conflict, by an evidentiary hearing. Compare Fed. R. Civ. P. 12(b) (motions to dismiss determined based on the sufficiency of the allegations of the complaint). In both instances, therefore, a plaintiff's failure to respond and to offer affidavits

contradicting those filed by the moving party will likely compel dismissal of the action and the termination of a plaintiff's claims.

    Hilton's failure to serve such notice on Nelson here leaves the record unclear as to whether Nelson was on notice of the consequences of failing to oppose Hilton's motion. Given the "special solicitude" accorded pro se litigants in the circuit, dismissal of this action based on the unopposed facts asserted by Hilton should not be considered in the absence of service of notice on Nelson of the consequences of his choice.  see  Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 477 (2d Cir.2006); see also Sealed Plaintiff v. Sealed Defendant # 1, 537 F.3d 185, 191-92 (2d Cir.2008).

    Accordingly, it is hereby **RECOMMENDED** that Hilton's motion for sanctions against Nelson, including dismissal of this action, should be **DENIED** for failure to serve the notice required by Champion.

    Pursuant to 28 U.S.C. § 636(b)(1), the parties may lodge written objections to the foregoing report.  Such objections shall be filed with the Clerk of the Court "within fourteen (14) days after being served with a copy of the . . . recommendation." N.D.N.Y.L.R. 72.1(c) (citing 28 U.S.C. §636(b)(1)(B)-(C)).  **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW.**  Roldan v. Racette, 984 F.2d 85, 89 (2d Cir. 1993); Small v. Sec'y of HHS, 892 F.2d 15 (2d Cir. 1989); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72, 6(a), 6(e).

**IT IS SO ORDERED.**

DATED: March 6, 2012
          Albany, New York

_____
David R. Homer
U.S. Magistrate Judge