**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**DENNIS NELSON,**
*also known as*
**DAVID JOHNNY CASH,**

                          **Plaintiff,**

    vs.                                    9:10-CV-01280
                                                (MAD/DRH)

**BRIAN HILTON, Dep. of RMHU, Marcy**
**Correctional Facility,**

                          **Defendant.**
_____

**APPEARANCES:**                         **OF COUNSEL:**

**DENNIS NELSON**
**94-B-0694**
Five Points Correctional Facility
Caller Box 119
Romulus, New York 14541
Plaintiff *pro se*

**OFFICE OF THE NEW YORK**        **MICHAEL G. McCARTIN, AAG**
**STATE ATTORNEY GENERAL**
The Capitol
Albany, New York 12224
Attorneys for Defendant

**Mae A. D'Agostino, U.S. District Judge:**

## ORDER

      On September 29, 2011, Defendant's counsel traveled to Elmira Correctional Facility to conduct Plaintiff's deposition.[1] *See* Dkt. No. 23-6 at 2 (citation omitted). Although Plaintiff initially submitted to questions, Plaintiff eventually refused to proceed with the deposition,

---

[1] On September 29, 2011, Plaintiff was incarcerated at Elmira Correctional Facility. Plaintiff, however, is now incarcerated at Five Points Correctional Facility.

indicating that Defendant's counsel had in some way "irritat[ed]" him. *See id.* at 4 (quotation omitted).

On November 18, 2011, Defendant filed a motion for sanctions pursuant to Rule 37 of the Federal Rules of Civil Procedure. *See* Dkt. No. 23. In his motion, Defendant argued that the Court should dismiss the complaint as a sanction for Plaintiff's bad-faith refusal to sit for questioning at his deposition. *See id.* at 5-6. In a March 6, 2012 Report-Recommendation and Order, Magistrate Judge Homer recommended that the Court deny Defendant's motion because Defendant failed to give Plaintiff explicit notice, who is acting *pro se*, of the consequences of his failure to respond to the motion. *See* Dkt. No. 27 (citations omitted). Currently before the Court is Magistrate Judge Homer's March 6, 2012 Report-Recommendation and Order.[2]

When a party files specific objections to a magistrate judge's report-recommendation, the district court makes a "*de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). However, when a party files "[g]eneral or conclusory objections or objections which merely recite the same arguments [that he presented] to the magistrate judge," the court reviews those recommendations for clear error. *O'Diah v. Mawhir*, No. 9:08-CV-322, 2011 WL 933846, *1 (N.D.N.Y. Mar. 16, 2011) (citations and footnote omitted). After the appropriate review, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

A litigant's failure to file objections to a magistrate judge's report and recommendation, even when that litigant is proceeding *pro se*, waives any challenge to the report on appeal. *See*

---

[2] The Court notes that Plaintiff filed what appears to be an objection to Magistrate Judge Homer's Report-Recommendation and Order. *See* Dkt. No. 29.

*Cephas v. Nash*, 328 F.3d 98, 107 (2d Cir. 2003) (holding that, "[a]s a rule, a party's failure to object to any purported error or omission in a magistrate judge's report waives further judicial review of the point" (citation omitted)).  A *pro se* litigant must be given notice of this rule; notice is sufficient if it informs the litigant that the failure to timely object will result in the waiver of further judicial review and cites pertinent statutory and civil rules authority.  *See Frank v. Johnson*, 968 F.2d 298, 299 (2d Cir. 1992); *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989) (holding that a *pro se* party's failure to object to a report and recommendation does not waive his right to appellate review unless the report explicitly states that failure to object will preclude appellate review and specifically cites 28 U.S.C. § 636(b)(1) and Rules 72, 6(a), and former 6(e) of the Federal Rules of Civil Procedure).

Having reviewed Magistrate Judge Homer's March 6, 2012 Report-Recommendation and Order and the applicable law, the Court concludes that Magistrate Judge Homer correctly recommended that the Court should deny Defendant's motion for sanctions.  Given the latitude afforded to *pro se* litigants, coupled with Plaintiff's lack of notice of the possible consequences of his failure to respond to Defendant's motion, imposition of Rule 37's most severe sanction is inappropriate.  *See Capital Records, Inc. v. Thomas*, No. CV-04-4649, 2007 WL 2071553, *3 (E.D.N.Y. July 16, 2007) (citing cases).

Accordingly, the Court hereby

**ORDERS** that Magistrate Judge Homer's March 6, 2012 Report-Recommendation and Order is **ACCEPTED** in its entirety for the reasons stated therein; and the Court further

**ORDERS** that Defendant's motion for sanctions pursuant to Rule 37 of the Federal Rules of Civil Procedure is **DENIED**; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: May 3, 2012
      Albany, New York

_____
Mae A. D'Agostino
U.S. District Judge