**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**DENNIS NELSON a/k/a DAVID JOHNNY CASH,**

                     **Plaintiff,**

   vs.                                   **9:10-CV-1280**
                                        **(MAD/CFH)**

**BRIAN HILTON, Dep. of RMHU, Marcy Correctional**
**Facility,**

                     **Defendant.**
_____

**APPEARANCES:**                              **OF COUNSEL:**

**DENNIS NELSON**
**94-B-0694**
Five Points Correctional Facility
Caller Box 119
Romulus, New York 14541
Plaintiff *pro se*

**HON. ERIC T. SCHNEIDERMAN**        **MICHAEL G. McCARTIN, ESQ.**
Attorney General for the                Assistant Attorney General
State of New York
The Capitol
Albany, New York 12224-0341
Attorneys for Defendant

**Mae A. D'Agostino, U.S. District Judge:**

## MEMORANDUM-DECISION AND ORDER

### I. INTRODUCTION

      Plaintiff *pro se* Dennis Nelson ("Nelson"), an inmate in the custody of the New York State Department of Corrections and Community Supervision ("DOCCS"), filed this action pursuant to 42 U.S.C. § 1983. In his complaint, Plaintiff alleged that Defendant, a DOCCS deputy superintendent, violated his constitutional rights under the Eighth Amendment. *See* Dkt. No. 1.

On April 30, 2012, Defendant filed a motion for summary judgment. *See* Dkt. No. 30. In his motion, Defendant argues that (1) "Plaintiff's IFP status must be revoked because Plaintiff has already suffered more than 'three strikes' under 28 U.S.C. § 1915(g)"; (2) "Plaintiff's Eighth Amendment claim regarding interference to medical treatment related to his leg must be dismissed because [P]laintiff has admitted to self-mutilation of his leg by rubbing his own feces into the wound in his leg"; (3) "the action must also be dismissed based upon the doctrine of collateral estoppel because in *Nelson v. Spoggy* this Court decided the same issue against the [P]laintiff"; and (4) "the Defendant is entitled to summary dismissal on qualified immunity grounds." *See* Dkt. No. 30-6 at 2.

On October 9, 2012, Magistrate Judge Hummel issued a Report-Recommendation and Order, recommending that the Court grant Defendant's motion for summary judgment and dismiss the complaint as to all claims. *See* Dkt. No. 37 at 17. Currently before the Court are Plaintiff's objections to Magistrate Judge Hummel's October 9, 2012 Report-Recommendation and Order.

## II. BACKGROUND

In a March 21, 2011 Decision and Order, the Court dismissed some of Plaintiff's claims "without prejudice", and ordered that, (1) Plaintiff's IFP application be granted; (2) the Clerk of the Court shall issue a summons and forward with a copy of the complaint to the United States Marshall for service upon Defendant; and (3) a response to the complaint be filed by Defendant or his counsel as provided for in the Federal Rules of Civil Procedure. *See* Dkt. No. 7.

In his Report-Recommendation and Order dated October 9, 2012, Magistrate Judge Hummel recommended that the Court grant Defendant's motion for summary judgment and, in the alternative, vacate Plaintiff's IFP status, and dismiss the complaint unless Plaintiff pays the filing

fee of $350.00 within thirty (30) days.  Further, Magistrate Judge Hummel recommended that the court prohibit Plaintiff from filing any IFP complaints in this district unless he is under imminent danger of serious physical injury.  *See* Dkt. No. 37 at 17.

Regarding Plaintiff's IFP status, Magistrate Judge Hummel noted that numerous decisions have already outlined Plaintiff's litigation history and revoked his IFP status pursuant to 28 U.S.C. § 1915(g).  *See* Dkt. No. 37 at 4 (citing *Nelson v. Spitzer*, No. 07-CV-1241, 2008 WL 268215, at *1 (N.D.N.Y. Jan. 29, 2008) ("A review of [Nelson's] prior proceedings reveals that [Nelson] does have three 'strikes' and, thus, should not be permitted to proceed with his action [IFP]") (citations omitted); *Nelson v. NeSmith*, No. 06-CV-117, 2008 WL 3836387, at *5 (N.D.N.Y. Aug. 13, 2008) ("A detailed analysis of [Nelson's] prior litigation history, however, is unnecessary given prior findings by both the Western District of New York and this court, to the effect that while confined as a New York State prison inmate [Nelson] has filed at least three prior civil rights complaints dismissed for lack of merit") (citations omitted); *Nelson v. Lee*, No. 05-CV-1096, 2007 WL 4333776, at *5 (N.D.N.Y. Dec. 5, 2007) (concluding that Nelson has already acquired three strikes based upon prior decisions filed in the Western District of New York in 2004, and therefore, the defendants need not independently establish that those strikes previously occurred).

Regarding Defendant's motion for summary judgment, Magistrate Judge Hummel's Report-Recommendation and Order recommends that the Court grant Defendant's motion as "the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact."  *See* Dkt. No. 37 at 6.

Regarding the claims involving an alleged violation of Plaintiff's Eighth Amendment

3

rights against the infliction of "cruel and unusual punishment," Magistrate Judge Hummel recommended that "Nelson's unsupported assertions together with Hilton's uncontested proffers about the treatment which Nelson was provided fail to raise a question of material fact regarding Hilton's alleged deliberate indifference." *See id*. at 9.  Magistrate Judge Hummel went on to state that Plaintiff's own self-mutilating behaviors are the cause of the delay in him receiving medical care, as well as his prolonged infection, and should not be construed as deliberate indifference. *See id*.  Consequently, Magistrate Judge Hummel recommended that the Court find that, "to the extent that Nelson's claims could be construed as alleging deliberate indifference" in regards to the medical treatment for his leg wound, "such claims are insufficient to withstand defendant's" motion for summary judgment. *See id*. at 11.

With respect to Defendant's claim that he is entitled to qualified immunity, Magistrate Judge Hummel recommended that no inquiry needs to be done because it has not been shown that Defendant violated any of Plaintiff's constitutional rights. *See id*.

Regarding Defendant's motion to revoke Plaintiff's IFP status under 28 U.S.C. § 1915(g), Magistrate Judge Hummel determined that since it has been established that the three-strike rule applies to Plaintiff"s prior lawsuits, Plaintiff's only way to overcome Defendant's motion is by a sufficient showing that he suffered from the imminent danger at the time the complaint was filed, which he cannot establish. *See id*. at 13.  Magistrate Judge Hummel went on to state that Plaintiff failed to establish that he was in imminent danger because he has "failed to allege any specific, factual evidence regarding the date, time, duration, or frequency of Hilton's alleged instances of interference." *See id*. at 14.  Additionally, Magistrate Judge Hummel stated that, to the extent that Plaintiff relies on the infection in his leg to establish imminent danger, these allegations must be found insufficient as Plaintiff received such care for his leg as to diminish any claims for

4

imminent danger. *See id*. Lastly, with respect to Plaintiff's claim that he is facing imminent danger due to the contraction of Methicillin-resistant Staphlococcus aureus ("MRSA") in his entire body, Magistrate Judge Hummel stated that Plaintiff's opposition was filed on May 8, 2012, almost over a year and a half after he was transferred from Marcy Correctional Facility ("Marcy C.F."). *See id*. at 15. Magistrate Judge Hummel stated that these "late-blossoming allegations" were denied in *Nelson v. Warren*, mostly because they "ar[o]se from a condition experienced nearly seventeen months after the date of filing of [Plaintiff's] complaint, [therefore,] they would not plausibly suggest that [Plaintiff] was in imminent danger or serious physical injury on [the date the complaint was filed]." *See id*. at 15 (quoting *Nelson v. Warren*, 2012 WL 685755, at *3 (Dkt. No. 30-7 at 23-24)).

Magistrate Judge Hummel recommended that, because "Nelson has failed to provide anything more than vague, conclusory generalizations," there exists "no basis for evaluating the imminence or dangerousness of the threat." *See* Dkt. No. 37 at 15. Furthermore, "unless we require prisoners to demonstrate the actual existence of an imminent threat, otherwise disqualified filers could obtain IFP status simply by adding general allegations of endangerment." *See id*. at 16 (quoting *Mitchell v. Federal Bureau of Prisons*, 587 F.3d 415, 421 (C.A.D.C. 2009)). Accordingly, Magistrate Judge Hummmel recommended that this Court hold that, due to Plaintiff's failure to "plead his case with the specificity required to trigger the three-strikes safety valve," the imminent danger exception should not apply, Defendant's motion pursuant to 28 U.S.C. § 1915(g) should be granted, and Plaintiff's IFP status should be rescinded. *See id*. at 16.

**A.    Plaintiff's objections to Magistrate Judge Hummel's Report-Recommendation and Order**

Plaintiff filed objections to Magistrate Judge Hummel's October 9, 2012 Report-

5

Recommendation and Order on November 1, 2012. *See* Dkt. No. 39. Plaintiff's twelve objections are as follows: (1) The Regional Mental Health Unit ("RHMU") is not an infirmary, it is "an old S Block 2000" – a mental health unit for inmates from the Special Housing Unit ("SHU"); (2) he has not fabricated his medical conditions and was in imminent danger of serious physical injury because he contracted MRSA at Marcy C.F. and he was getting treated for MRSA after he left; (3) he never received special baths; the only such treatment that he received was a whirl pool to get rid of the dead skin; (4) he never rubbed feces into his leg while he was at Marcy C.F., but he did so while he was at Elmira C.F. in 2001 because he thought that would heal it; (5) his recent felony is irrelevant to the present lawsuit because other inmates have done the same thing to other nurses and doctors; (6) summary judgment should be granted in Plaintiff's favor against Defendant because he found out that he only has about six months to live by a nurse on the morning of October 27, 2012; (8) Defendant violated his Eighth Amendment rights by interfering with an outside medical order; (9) he has had MRSA since 1999 and has every symptom associated with the infection; and (12) he was not informed of the three-strike rule when he initially brought this suit. *See* Dkt. No. 39 at 1-8.

### III. DISCUSSION

**A.    Review of a magistrate judge's decision**

If a party files specific objections to a magistrate judge's report-recommendation, the district court performs a "*de novo* determination of those portions of the report of specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1) (2006). However, if a party files "[g]eneral or conclusory objection or objections which merely recite the same arguments [that were presented] to the magistrate judge," the court simply reviews

those recommendations for clear error. *O'Diah v. Mawhir*, No. 9:08-CV-322, 2011 WL 933846, *1 (N.D.N.Y. Mar. 16, 2011) (citations and footnote omitted). At the conclusion of the appropriate review, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

**B.    Summary judgment standard**

A court may grant a motion for summary judgment only if it determines that there is no genuine issue of material fact to be tried and that the facts as to which there is no such issue warrant judgment for the movant as a matter of law. *See Chambers v. TRM Copy Ctrs. Corp.*, 43 F.3d 29, 36 (2d Cir. 1994) (citations omitted). When analyzing a summary judgment motion, the court "'cannot try issues of fact; it can only determine whether there are issues to be tried.'" *Id.* at 36-37 (quotation and other citation omitted). Moreover, it is well-settled that a party opposing a motion for summary judgment may not simply rely on the assertions in its pleading. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986) (quoting Fed. R. Civ. P. 56(c), (e)).

In assessing the record to determine whether any such issues of material fact exist, the court is required to resolve all ambiguities and draw all reasonable inferences in favor of the nonmoving party. *See Chambers*, 43 F.3d at 36 (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255, 106 S. Ct. 2505, 2513-14, 91 L. Ed. 2d 202 (1986)) (other citations omitted). Where the non-movant either does not respond to the motion or fails to dispute the movant's statement of material facts, the court may not rely solely on the moving party's Rule 56.1 statement; rather, the court must be satisfied that the citations to evidence in the record support the movant's assertions. *See Giannullo v. City of N.Y.*, 322 F.3d 139, 143 n.5 (2d Cir. 2003) (holding that not verifying in the record the assertions in the motion for summary judgment "would derogate the truth-finding

functions of the judicial process by substituting convenience for facts").

When, as here, a party seeks summary judgment against a *pro se* litigant, the court "must view the submissions by a more lenient standard than that accorded to 'formal pleadings drafted by lawyers.'" *Govan v. Campbell*, 289 F. Supp. 2d 289, 295 (N.D.N.Y. 2007) (quoting *Haines v. Kerner*, 303 U.S. 519, 520, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972)) (other citations omitted). "Indeed, the Second Circuit has stated that '[i]mplicit in the right to self-representation is an obligation on the part of the court to make reasonable allowances to protect *pro se* litigants from inadvertent forfeiture of important rights because of their lack of legal training.'" *Id.* (quoting *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)). However, this does not mean that a *pro se* litigant is excused from the procedural requirements of summary judgment. *See id.* (citing *Showers v. Eastmond*, No. 00 CIV. 3725, 2001 WL 527484, *2 (S.D.N.Y. May 16, 2001)). Specifically, a *pro se* litigant's groundless assertion, unsupported by any evidence, is not sufficient to overcome a motion for summary judgment. *See Lee v. Coughlin*, 902 F. Supp. 424, 429 (S.D.N.Y. 1995) (citation omitted).

### 1. *Plaintiff's Eighth Amendment claims*

The Eighth Amendment strictly prohibits the infliction of "cruel and unusual punishment." U.S. Const. amend. VIII. The United States Supreme Court has explained that the Eighth Amendment requires that prison officials provide "adequate" medical care to inmates. *See Farmer v. Brennan*, 511 U.S. 825, 832 (1994). To prove a violation of the Eighth Amendment, an inmate must demonstrate that prison officials acted with "deliberate indifference to [his or her] serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976) (other citations omitted). This "deliberate indifference" standard includes an objective component and a subjective

component. *See Salahuddin v. Goord*, 467 F.3d 263, 279–80 (2d Cir. 2006). The objective component examines whether the deprivation of medical care was "sufficiently serious." *Farmer*, 511 U.S. at 832; *see also Salahuddin*, 467 F.3d at 279. This objective component requires the examination of two factors: first, "whether the prisoner was actually deprived of adequate medical care" and second, "whether the inadequacy in medical care [was] sufficiently serious." *Salahuddin*, 467 F.3d at 279-80. Therefore, the question is whether the response of prison officials to the inmate's medical needs was objectively reasonable under the circumstances. *See id*.

The subjective component of the deliberate indifference standard asks whether "the charged official . . . act[ed] with a sufficiently culpable state of mind." *Id*. at 280 (citing *Wilson v. Seiter*, 501 U.S. 294, 111 S. Ct. 2321, 115 L. Ed. 2d 271 (1991)). The Second Circuit has explained this subjective requirement as follows:

> In medical-treatment cases not arising from emergency situations, the official's state of mind need not reach the level of knowing and purposeful infliction of harm; it suffices if the plaintiff proves that the official acted with deliberate indifference to inmate health. . . . Deliberate indifference is a mental state equivalent to subjective recklessness, as the term is used in criminal law. . . . This mental state requires that the charged official act or fail to act while actually aware of a substantial risk that serious inmate harm will result.

*Id.* (internal citations omitted). When the medical determination made by a prison official was in accordance with a prison policy, the question is whether following the policy resulted in deliberate indifference to the inmate's medical needs. *See Brock v. Wright*, 315 F.3d 158, 166 (2d Cir. 2003).

In his objection, Plaintiff argues that Defendant violated his Eighth Amendment rights by interfering with his medical treatment and forcing him to participate in programming. *See* Dkt.

9

No. 39 at 4. Plaintiff has failed to present any evidence in support of this claim and provides only conclusory statements that Defendant interfered with his medical treatment. Plaintiff has not identified what programming he was forced to attend, the frequency and duration of the programming, and has failed to produce any of the medical orders which were allegedly violated. These conclusory and unsupported allegations are insufficient to survive Defendant's motion. *See Smith v. Local 819 I.B.T. Pension Plan*, 291 F.3d 236, 240 (2d Cir. 2002) (quotation and other citation omitted).

Furthermore, contrary to Plaintiff's claims, Defendant explains in his declaration that each morning before programming, Plaintiff was taken to medical staff where his leg wound would be cleaned and re-dressed. *See* Dkt. No. 30-4 at ¶ 6. Moreover, Plaintiff was provided with special baths as well as specific accommodations regarding his transportation and movement throughout the facility. The establishment of these daily medical treatments and individualized care show that Defendant's actions were objectively reasonable under the circumstances, and thereby refute Plaintiff's allegations of deliberate indifference. Therefore, Plaintiff's conclusory statements about not having received treatment fail to raise a question of material fact regarding Defendant's alleged deliberate indifference. *See Hathaway v. Coughlin*, 37 F.3d 63, 70 (2d Cir. 1994) (holding that the court does "'not sit as a medical board of review. Where the dispute concerns not the absence of help, but the choice of a certain course of treatment, or evidences mere disagreement with considered medical judgment, we will not second guess the doctor'").

Moreover, Plaintiff states in his deposition that the medical condition which requires him to be in the infirmary is his ulcerated and infected leg. *See* Dkt. No. 30-3 at 18-19. If this is the serious medical condition which Plaintiff alleges, then the care that was provided to his leg, as described above, was both adequate and appropriate, which is all that the constitution mandates.

*See Chance v. Armstrong*, 143 F.3d 698, 703 (2d Cir. 1998). In addition, the medical treatment which was provided to Plaintiff was delayed only by his own actions and Plaintiff's self mutilating behaviors were directly responsible for his continued infection. *See* Dkt. No. 30-3 at 18-19. Therefore, based upon Plaintiff's own testimony, he cannot establish that Defendant has interfered with his medical treatment when Plaintiff himself has purposely prolonged his infection. While Plaintiff objects to this statement by contending that he never engaged in self mutilation while in Marcy C.F., his deposition testimony shows he did not stop this self-mutilating activity until after he had transferred from the Marcy infirmary. Such statements are insufficient to defeat Defendant's motion. *See Guarino v. St. John Fisher College*, 553 F. Supp. 2d 252, 259 (W.D.N.Y. 2008) (holding that the party opposing summary judgment "'may not create an issue of fact by submitting an affidavit in opposition to a summary judgment motion that, by omission or addition, contradicts the affiant's previous deposition testimony'") (quoting *Hayes v. New York City, Department of Corrections*, 84 F.3d 614, 619 (2d Cir. 1996)).

### *2. Doctrine of Collateral Estoppel*

Assuming, *arguendo*, that Plaintiff's Eighth Amendment claim regarding interference with medical treatment were able to withstand Defendant's motion for summary judgment, Defendant argues that collateral estoppel precludes reexamination of this claim. The doctrine of collateral estoppel or issue preclusion "applies when a litigant in a prior proceeding asserts an issue of fact or law in a subsequent proceeding, and the issue has been necessarily decided in the prior action, is decisive of the present action, and the litigant had a full and fair opportunity in the prior action to contest the decision." *33 Seminary LLC v. City of Binghamton*, 869 F. Supp. 2d 282, 298 (N.D.N.Y. 2012) (citations omitted).

11

In this case, there was a final determination on the merits of the claims at issue in *Nelson v. Scoggy*, where Judge Mordue dismissed Plaintiff's claim with prejudice. In that case, Plaintiff had a full and fair opportunity to be heard, contest the decision, as well as participate in the litigation. Dismissing Plaintiff's case, the court held that Plaintiff could not succeed on the medical interference claim because his "actions to thwart the medical treatment of his wound cannot be construed as interference or indifference by anyone else." *Scoggy*, 2009 WL 5216955, at *4. As such, the Court finds that, in the alternative, collateral estoppel precludes Plaintiff's claim.

**C.     28 U.S.C. § 1915(g)**

28 U.S.C. § 1915(g) bars prisoners from proceeding *in forma pauperis* ("IFP") after three or more previous claims have been dismissed as frivolous, malicious, or for failing to state a claim. *See* 28 U.S.C. § 1915(g) (2011). Frivolous claims "lack[ ] an arguable basis either in law or in fact." *Tafari v. Hues*, 473 F.3d 440, 442 (2d Cir. 2007) (quoting *Neitzke v. Williams*, 490 U.S. 319, 325 (1989)). A case is malicious if it was filed with the "intention or desire to harm another." *Andrews v. King*, 398 F.3d 1113, 1121 (2005). The failure to state a claim on which relief may be granted as used in § 1915(g), "parallels the language of Federal Rule of Civil Procedure 12(b)(6)." *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998).

The "three-strike" provision contains a narrow exception which permits suits, notwithstanding prior dismissals, when the prisoner is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g); *see also Lewis v. Sullivan*, 279 F.3d 526, 531 (7th Cir. 2002) (applying the imminent danger exception "[w]hen a threat or prison condition is real and proximate, and when the potential consequence is 'serious physical injury'"). To determine

12

whether the imminent danger exception applies, the court must evaluate whether the claimed danger was still in existence when a complaint was filed and whether such danger was sufficiently serious in light of the liberal standards accorded to *pro se* plaintiffs to require protection. *See Chavis v. Chappius*, 618 F.3d 162, 169-70 (2d Cir. 2010) (other citations omitted). Therefore, "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," or non-specific allegations of imminent danger are not sufficient to bypass the three-strike bar. *Id.* at 170 (quoting *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009)). Furthermore, although Plaintiff was initially granted IFP status in this action, it was only a preliminary finding, thereby allowing the court to revoke the status and bar the complaint under § 1915(g) when it becomes aware of three prior strikes.

In his objection, Plaintiff argues that he was not aware of the three-strike provision when he initially brought this suit. *See* Dkt. No. 39 at ¶ 34. Plaintiff's argument is unavailing, however, because this Court may raise the three-strike provision on its own initiative. *See Witzke v. Hiller*, 966 F. Supp. 538, 539 (E.D. Mich. 1997) (dismissing the plaintiff's complaint *sua sponte* under three-strike provision where complaint was filed prior to Prison Litigation Reform Act of 1995). Furthermore, as previously outlined and determined by Magistrate Judge Hummel's Report-Recommendation and Order, numerous cases have already found that the three-strike provision applies to Plaintiff's filing, and, because of that, Plaintiff clearly knew about provision. Therefore, since the three strike provision applies to Plaintiff's filings, it must now be determined whether Plaintiff has sufficiently pled a condition which satisfies the imminent danger exception.

In his objection, Plaintiff contends that the root cause of his imminent danger claim is his alleged contraction of MRSA. *See* Dkt. No. 39 at ¶ 32. Plaintiff goes on to state that he has had MRSA since 1999, and that he has "every simtimin [sic] that go's [sic] with MRSA[.]" *See* Dkt.

13

No. 39 at ¶ 33.  Yet, Plaintiff did not state this as the cause of his imminent danger claim until his opposition filed on May 8, 2012.  Furthermore, even assuming that Plaintiff's claim of MRSA is legitimate, he did not raise this claim until almost a year and a half after he was transferred from Marcy C.F.  Therefore, as delineated by Magistrate Judge Hummel in his Report-Recommendation and Order, these "late-blossoming allegations" are insufficient to establish imminent danger because they "ar[o]se from a condition experienced nearly seventeen months after the date of filing of [Plaintiff's] complaint...they would not plausibly suggest that [Plaintiff] was in imminent danger or serious injury on [the date the complaint was filed]." *Nelson v. Warren*, 2012 WL 685755, at *3 (Dkt. No. 30-7 at 23-24); *see also Chavis*, 618 F.3d at 169-70.

     Plaintiff has failed to provide anything more than vague, unsupported generalizations.  *See Merriweather v. Reynolds*, 586 F. Supp. 2d 548, 552 (D.S.C. 2008) (citations omitted); *see also Hafed v. Federal Bureau of Prisons*, 635 F.3d 1172, 1180 (10th Cir. 2011) (holding that, when claiming imminent danger based upon a denial of medical care, the plaintiff must "make a specific reference as to which of the defendants may have denied him what medication or treatment for what ailment on what occasion") (internal quotation marks and citations omitted); *Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir. 2003) (holding that "general assertions [are] insufficient to invoke the [imminent danger] exception . . . absent specific fact[ual] allegations of ongoing serious physical injury, or of a pattern of misconduct evidencing a likelihood of imminent physical injury") (citations omitted).  Furthermore, "unless we require prisoners to demonstrate the actual existence of an imminent threat, otherwise disqualified filers could obtain IFP status simply by adding general allegations of endangerment." *Mitchell v. Fed. Bureau of Prisons*, 587 F.3d 415, 421 (D.C. Cir. 2009).  Thus, as Magistrate Judge Hummel correctly held, Plaintiff has failed to plead his case with the specificity required to trigger the three-strike

provision exception, and therefore, the imminent danger exclusion does not apply.

Based on the foregoing, the Court finds that Defendant's motion to dismiss based upon the three-strike provision should be granted.

### IV. CONCLUSION

After carefully considering Magistrate Judge Hummel's Report-Recommendation and Order, Plaintiff's objections thereto, the applicable law, and for the reasons stated herein, the Court hereby

**ORDERS** that Magistrate Judge Hummel's October 9, 2012 Report-Recommendation and Order is **ADOPTED** in its entirety for the reasons stated therein; and the Court further

**ORDERS** that Defendant's motion for summary judgment (Dkt. No. 30) is **GRANTED**; and the Court further

**ORDERS** that the Clerk of the Court shall enter judgment in Defendant's favor and close this case; and the Court further

**ORDERS** that Plaintiff's request for appointment of counsel (Dkt. No. 39) is **DENIED** as moot; and the Court further

**ORDERS** that the Clerk of the Court shall serve the parties with a copy of this Memorandum-Decision and Order in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: March 11, 2013
       Albany, New York

Mae A. D'Agostino
U.S. District Judge

15